**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Skinner, et al., | No. CV09-00195-PHX-MHM |
| Plaintiffs, | No. CV09-00314-PHX-MHM (Consolidated) |
| v. | **ORDER** |
| Pinal County, et al. | |
| Defendants. | |
| Varick Gipson, et al., | |
| Plaintiffs, | |
| v. | |
| Pinal County, et al. | |
| Defendants. | |

Currently pending before the Court is Defendant's Motion to Dismiss City of Casa Grande Police Department as a Non-Jural Entity. (Dkt. #5) Plaintiffs oppose this motion, arguing that the Court is not bound by the numerous federal cases from this and other circuits that hold that a police department is not a jural entity that is capable of suing and being sued but rather is merely a subdivision of the political entity to which it belongs (here, the City of Casa Grande).[1] (Dkt.#8 at 5) However, the Court finds the plethora of cases cited by the

---

[1] The Gipson Plaintiffs (Varick Gipson, Alonzo Alexander, Avon Skinner, Brandon Dickson, Michael Burgess, and Mark Burgess) joined Plaintiff Ashley Skinner et al. in her

1 City of Casa Grande persuasive. *See*, *e.g. Gotbaum v. City of Phoenix*, 2008 WL 4628675
2 (D. Ariz. 2008) (explaining that "[c]onsistent with its previous decision in *Wilson*, the Court
3 concludes that the Phoenix Police Department is a subpart of the city of Phoenix, not a
4 separate entity for purposes of suit."); 56 Am.Jur.2d *Municipal Corporations* § 787
5 ("Generally, the departments and subordinate entities of municipalities, counties, and towns
6 that are not separate legal entities or bodies do not have the capacity to sue or be sued in the
7 absence of specific statutory authority."); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp.
8 842, 844 (E.D. Tex. 1996) (explaining that the sheriff's department was not a proper party
9 to the suit because the county had not expressly "grant[ed] the servient agency with jural
10 authority"); *Wright v. Wyandotte County Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan.
11 1997) (explaining that the Sheriff's department is merely an agency of the county and is not
12 itself capable of being sued).

13 The capacity to sue or be sued is determined by the law of the state where the court
14 is located. Fed. R. Civ. P. 17(b)(2), (3). Arizona Rule of Civil Procedure 17(d) explains that
15 "[a]ctions brought by or against a county or unincorporated city or town shall be brought in
16 its corporate name." Thus, the proper form of a lawsuit against the City of Casa Grande's
17 Police Department is a lawsuit that names the City of Casa Grande. The Arizona
18 Constitution specifically confers the right to sue or be sued on municipal corporations.
19 A.R.S. Const. Art. 14 § 1 states that "[t]he term 'corporation,' as used in this article, shall be
20 construed to include all associations and joint stock companies having any powers or
21 privileges of corporations not possessed by individuals or co-partnerships, and all
22 corporations shall have the right to sue and shall be subject to be sued, in all courts, in like
23 cases as natural persons."

24 Plaintiffs are unable to cite any Arizona statute that confers the power to sue or be
25 sued to a city's police department. They claim that A.R.S. § 12-820(6) and (7) defines a

---

Response to the Motion to Dismiss City of Casa Grande Police Department as a Non-Jural Entity. (Dkt.#15, CV09-00314)

- 2 -

1  "public entity" broadly as "this state and any political subdivision of this state" and that
2  "state" is defined as "the state and any state agency, board, commission, or department."
3  (Dkt.#8 at 5) However, this statute simply does not address the question of whether the City
4  of Casa Grande Police Department is a jural entity that is capable of suing and being sued;
5  rather, it merely confirms the banality that a political subdivision of the state is also a public
6  entity.  Applied here, it merely confirms that the police department, as a subdivision of a
7  public entity, is also public.  However, it says nothing about whether the police department
8  is a *jural* entity that is capable of suing and being sued.

9  Plaintiffs further claim that *McClanahan v. Cochise College*, 25 Ariz.App. 13, 540
10 P.2d 744 (1975) supports their argument that the police department is a jural entity.
11 However, the *McClanahan* court never considered the issue and thus is inapposite to the case
12 at bar.

13 Plaintiffs also argue that the size and purpose of the police department mean that its
14 alleged jural status should be "fairly implied."  However, the importance or purpose of a
15 department are not the established legal tests for determining whether it may sue or be sued;
16 as discussed above, the test is whether specific statutory authority authorizes the political
17 subdivision to sue and be sued.

18 Finally, Plaintiffs attempt to argue that the Casa Grande Police Department has been
19 sued in the past and has not claimed that it was a non-jural entity and thus should be
20 judicially estopped from raising that argument here. However, Plaintiffs apparently were not
21 aware that the Casa Grande Police Department *did* challenge its status as a non-jural entity
22 in the very case that Plaintiffs cited. (Dkt.#9, Exh. A)  Thus, Plaintiffs' estoppel argument
23 likewise fails.  It might be a closer question if the Casa Grande Police Department had itself
24 served as a plaintiff in several law suits; however, Plaintiffs have brought no such suits to the
25 Court's attention.  Plaintiffs have already sued the City of Casa Grande.  Dismissal of the
26 Casa Grande Police Department will not deprive them of any remedy to which they are
27 entitled.

28

1  **Accordingly**,

2  **IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss City of
3  Casa Grande Police Department as a Non-Jural Entity.  (Dkt.# 5)

4  DATED this 19th day of May, 2009.

_____
Mary H. Murguia
United States District Judge