1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Skinner, et al., | ) CV 09-00195-PHX-MHM |
| Plaintiffs, | ) CV 09-00314-PHX-MHM |
| v. | ) (Consolidated) |
| Pinal County, et al. | ) |
| Defendants. | ) **ORDER** |
| Varick Gipson, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| Pinal County, et al. | ) |
| Defendants. | ) |

Currently pending before the Court is Pinal County and Pinal County Attorney James Walsh's Motion to Dismiss (Dkt.#33). Having considered the parties' briefs and having determined that oral argument is unnecessary, the Court issues the following Order.

**I.   Motion to Dismiss Standard**

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most

favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**II.     Background**

Plaintiffs allege that they were improperly held for nearly a year as material witnesses to a murder based on the uncorroborated statements of other alleged witnesses to the murder. As alleged in the Complaints,[1] the victim of the murder was shot on January 12, 2007. The Casa Grande Police Department developed a theory that linked Plaintiffs to the murder. Assuming that the factual allegations in the Complaints are true (as the Court must at this stage), the Casa Grande Police Department threatened and intimidated witnesses Jacinto and Fernando Perez into making false statements. As a result of these false statements, the Plaintiffs were improperly arrested, incarcerated, and charged with the murder sometime around January 23, 2007. Plaintiffs continued to be held until December 2007 (nearly a year), notwithstanding the fact that in October 2007, the Perez brothers admitted that they had provided false information to police investigators.

The Complaints further allege additional weaknesses in the testimony of the Perez brothers; namely, that Fernando Perez was high on drugs during at least one of the interviews and Jacinto Perez suffered from diminished mental capacity. According to the Complaints, the prosecutors failed to corroborate Jacinto and Fernando's statements with other witnesses and evidence and continued to prosecute the case notwithstanding these uncorroborated statements and obvious weaknesses in the case. This was done, according to the Complaints, with deliberate indifference to Plaintiffs' constitutional rights. It is further alleged that violations of Plaintiffs' rights were willful or malicious, and that Defendants violated Plaintiffs' Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

---

[1] Because the two separate actions appeared to be based on similar facts, they were consolidated. (Dkt. #15)

- 2 -

The Complaints also allege that the County is legally responsible for the management of its law enforcement personnel and the establishment and implementation of policies, procedures, and protocols that govern interactions with citizens, as well as for the screening, hiring, training, supervising and retaining of their employees who have responsibility for providing security to the public. It also alleges that the causes of action against the County are based on official acts formally adopted or constituting the custom or usage of the County based upon the policies attributed to County Attorney Walsh. Plaintiffs sue all the individual defendants in their individual and official capacities, and a claim for punitive damages is asserted against each.

Because the Skinner Plaintiffs[2] stipulated to dismiss their claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, false imprisonment, false arrest, and punitive damages (under state law) with prejudice, the only remaining claim asserted by the Skinner Plaintiffs is a violation of 42 U.S.C. § 1983. The Gipson Plaintiffs' Complaint[3] alleges only § 1983 as a basis for liability, although it also seeks punitive damages for this claim. Therefore, the only claim at issue in this motion to dismiss is the § 1983 claim.

**III. Analysis**

Defendants argue that the claim against Pinal County Attorney should be dismissed because he has absolute immunity from suit. They further argue that no proper cause of action is set forth against Pinal County. Each argument is addressed below.

**A. Prosecutorial Immunity**

Defendants argue that James Walsh, the Pinal County Attorney, has absolute immunity from suit and that he should be dismissed from this suit. They point out that the

---

[2] The "Skinner" Plaintiffs include Ashley Skinner; Aaliyah Skinner, a minor; Alicia Skinner; Zeandra Gibson, a minor; and Varick Gibson, a minor.

[3] The "Gipson" Plaintiffs include Varick Gipson, Alonzo Alexander, Avon Skinner, Brandon Dickson, Michael Burgess, and Mark Burgess.

Complaints do not allege any conduct by the prosecutor that would fall outside the parameters of absolute immunity. Plaintiffs respond that the prosecutor should not be entitled to absolute immunity because his office has no procedure for rapid case review for dismissal upon learning there is no reasonable likelihood of conviction.

As the United States Supreme Court explained in Imbler v. Pachtman, 424 U.S. 409, 424 (1976), "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." Thus, the only issue is whether the prosecutor's decision to retain Plaintiffs after the Perez brothers recanted falls within the scope of his prosecutorial duties. If it does, the prosecutor is entitled to absolute immunity. Defendants cite to a Ninth Circuit case that held that "[f]iling charges and initiating prosecution are functions that are integral to a prosecutor's work." Mishler v. Clift, 191 F.3d 998, 1008 (9th Cir. 1999). The parameters of the doctrine are outlined in Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005), which held that prosecutors have immunity for their decisions about whether to prosecute a case and for their professional evaluation of a witness, even if the evaluation is harsh, unfair, or clouded by personal animus. Id., 413 F.3d at 976. The prosecutor's decision to disbelieve the Perez brothers when they recanted their earlier testimony that implicated Plaintiffs appears to fall within the "professional evaluation of a witness" discretion that would be entitled to immunity. There are important reasons that prosecutors are entitled to such immunity; "harassment by unfounded litigation would cause deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 424 U.S. at 423.

Plaintiffs' citation to White v. Gerbitz, 860 F.2d 661 (6th Cir. 1988), is not persuasive. In White, the Court held simply that a district attorney who failed to act promptly when ordered by a court to secure the release of a material witness was not entitled to qualified or absolute immunity. The White court held that the District Court erred in not dismissing the federal claims; moreover, White involved a prosecutor's failure to promptly release a

material witness pursuant to a court order; here, it is not alleged that there was any such order.

Mariana v. Foci, 816 F.2d 1061 (5th Cir. 1987), is similarly inapplicable. In Mariana, the prosecutor issued a warrant for the arrest of a material witness in a shooting. However, the shooting defendant plead guilty and the case was closed. Eight and a half months later, the material witness was arrested and held pursuant to the outstanding witness. Although the district attorney's office was notified of Mariana's detention the day of his arrest, it took no action to inquire as to the reasons for the arrest or inform the court or the sheriff that Mariana's detention was no longer necessary. Here, in contrast, the case remained open during the Plaintiffs' detention, allowing the prosecutor to evaluate several aspects of the case, including all of the witnesses. It appears that the prosecutor was acting within the parameters allowed by his position as prosecutor as outlined in Botello.

Accordingly, it appears that Defendant Pinal County Attorney James Walsh is entitled to immunity; he will thus be dismissed from this action.

**B. Pinal County**

Defendants also argue that the Complaints set forth no proper cause of action against Pinal County. The Complaints set forth the following allegations against the County: the County is "responsible for the management of its law enforcement personnel and the establishment and implementation of policies, procedures, and protocols that govern interactions with citizens" (Gipson Complaint [Dkt.#1-7] ¶ 32, Skinner Complaint [Dkt.#1-1] ¶ 33); the County is "legally responsible for the screening, hiring, training, supervising and retaining of their employees who have responsibility for providing security to the public" (Gipson Complaint [Dkt.#1-7] ¶ 33, Skinner Complaint [Dkt.#1-1] ¶ 34); and "the causes of action [against the County are based on] official acts formally adopted or constitute the custom or usage of the County based upon the policies attributed to County Attorney Walsh." (Gipson Complaint [Dkt.#1-7] ¶ 39; Skinner Complaint [Dkt.#1-1] ¶ 43) As Defendants rightfully point out, none of these assertions sets forth a cause of action against the County.

Plaintiffs never adequately respond to this argument. Instead, they simply state that "Pinal County is liable for implementing policies or tolerating customs that allowed the violation of Plaintiffs' civil rights." However, nothing to this effect appears in the Complaints. Accepting all the facts plead as true, there appears to be no cause of action against the County. Accordingly, Pinal County will also be dismissed from this action.

## C. Requested Disclosure

Plaintiffs appear to assert that they are entitled to discovery even without adequately pleading their causes of action. Their briefs state that "without discover[y] or Defendant's voluntary disclosure, it is impossible to know whether or not Defendant's legal advice to police officers which [sic] may subject them to additional liability pursuant to Burns v. Reed, 500 U.S. 478 (1991)." (Dkt.# 35 at 3; Dkt.#36 at 4) However, the Complaints do not allege that the Pinal County Attorney's Office provided legal advice to the police. Moreover, after Iqbal, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with *nothing more than conclusions*." al-Kidded v. Ashcroft, 2009 WL 2836448 at *21-23 (9th Cir. 2009) (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). Because Plaintiffs have failed to state a claim against Pinal County (as discussed above), no discovery from Pinal County will be allowed.

## D. The Skinner Plaintiffs

On May 11, 2010, the Court directed the Skinner Plaintiffs to either have new counsel enter an appearance or indicate that they would be representing themselves within 30 days. (Dkt. #48) They were warned that a failure to do so might result in their dismissal from the case pursuant to Federal Rule of Civil Procedure 41(b). Given that the Skinner Plaintiffs have done neither within the deadline, they will be dismissed from this action pursuant to Rule 41(b) (for failure "to comply with . . . a court order"). See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 688 (9th Cir. 2005) ("[T]he Rule has long been

- 6 -

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

### E. Remaining Claims and Parties

To summarize, it appears that the only remaining parties and claims in this action are the Gipson Plaintiffs (Varick Gipson, Alonzo Alexander, Avon Skinner, Brandon Dickson, Michael Burgess, and Mark Burgess), alleging a 42 U.S.C. § 1983 claim with asserted punitive damages against the City of Casa Grande, Robert Huddleston, Jane Doe Huddleston, Francisco Alanis, and Jane Doe Alanis.

**Accordingly**,

**IT IS HEREBY ORDERED** granting Pinal County and Pinal County Attorney James Walsh's Motion to Dismiss (Dkt.#33).

**IT IS FURTHER ORDERED** denying Defendants Pinal County and Walsh's Request for Oral Argument (Dkt.#39).

DATED this 17th day of June, 2010.

_____
Mary H. Murguia
United States District Judge